IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DJUANA KALLIE and TERRY JOHNSON, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO. H-18-4238 |
| CITI RESIDENTIAL LENDING, INC.; OCWEN LOAN SERVICING, LLC; POWER DEFAULT SERVICES, INC.; AVT TITLE SERVICES, LLC; and DOES 1-X, | § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Djuana Kallie and Terry Johnson ("Plaintiffs") sued defendants Citi Residential Lending, Inc. ("Citi"), Ocwen Loan Servicing, LLC ("Ocwen"), Power Default Services, Inc. ("PDS"), AVT Title Services, LLC ("AVT"), and Does 1-X in the 61st Judicial District Court of Harris County, Texas, for wrongful foreclosure, breach of the implied covenant of good faith and fair dealing, slander of title, negligence, and declaratory and injunctive relief.[1] Citi, Ocwen, and PDS (collectively, "Defendants") removed the action to this court on November 8, 2018.[2] Pending before the court are Defendant Citi Residential Lending, Inc.'s Motion to

---

[1] See Plaintiffs Complaint for Wrongful Foreclosure, Breach of the Implied Covenant of Good Faith and Fair Dealing, Slander of Title, Negligence, and Declaratory Relief ("Complaint"), Exhibit D-2 to Notice of Removal, Docket Entry No. 1-6.

[2] See Notice of Removal, Docket Entry No. 1.

Dismiss and Brief in Support ("Citi's MTD") (Docket Entry No. 5) and Defendants Ocwen Loan Servicing, LLC and Power Default Services, Inc.'s Motion to Dismiss and Brief in Support ("Ocwen and PDS's MTD") (Docket Entry No. 6). For the reasons explained below, both motions will be granted.

## I. Factual Background

Plaintiffs filed this action to avoid the foreclosure sale of their real property located at 2631 Palm Street, Houston, Texas 77004 (the "Property").[3] When Plaintiffs purchased the Property in October of 2005, they obtained financing from Argent Mortgage Company, LLC ("Argent") and executed a deed of trust on the Property.[4] On April 8, 2009, Argent (By Citi as its Attorney-in-Fact) assigned its interest in the deed of trust to American Home Mortgage Servicing, Inc. ("American").[5] On February 5, 2011, American assigned its interest in the deed of trust to Deutsche Bank National Trust Company, as Trustee for Argent Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-W5 ("Deutsche Bank").[6]

---

[3] See Ocwen and PDS's MTD, Docket Entry No. 6., p. 1; Complaint, Exhibit D-2 to Notice of Removal, Docket Entry No. 1-6.

[4] See Complaint, Exhibit D-2 to Notice of Removal, Docket Entry No. 1-6, p. 21 (including the deed of trust as Exhibit B).

[5] See id. at 40 (including filing for Argent's assignment of its interest in the deed of trust to American as Exhibit C).

[6] See id. at 43 (including filing for American's assignment of its interest in the deed of trust to Deutsche Bank as Exhibit D).

Ocwen is the mortgage servicer for Deutsche Bank.[7] PDS was the substitute trustee appointed to conduct a foreclosure sale of the Property.[8] Plaintiffs argue that Ocwen lacks authority to initiate foreclosure proceedings on the Property because Citi lacked the authority to execute the original assignment on behalf of Argent, thereby rendering subsequent assignments void. The state court issued a temporary restraining order preventing foreclosure sale of the Property on October 29, 2018.[9]

## II. Citi, Ocwen, and PDS's Motions to Dismiss

Plaintiffs' Complaint includes claims for breach of the implied covenant of good faith and fair dealing and slander of title against all of the defendants. Plaintiffs' Complaint also alleges causes of action for wrongful foreclosure and negligence against Ocwen. Because Defendants' motions address similar grounds for dismissal, the court will address them together.

### A. Standard of Review

The Federal Rules of Civil Procedure permit dismissal when a plaintiff fails to state a claim upon which relief can be granted.

---

[7] See id. at 49-50 (including Notice of Substitute Trustee Sale sent to Plaintiffs by Ocwen listing Deutsche Bank as the mortgagee on the deed of trust and Ocwen as the mortgage servicer as Exhibit F).

[8] See id. at 51 (including Notice of Substitute Trustee Sale listing PDS as a substitute trustee as Exhibit F).

[9] See Notice of Removal, Docket Entry No. 1, p. 2.

Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). In ruling on a Rule 12(b)(6) motion the court must "accept the plaintiff's well pleaded facts as true and view them in the light most favorable to the plaintiff." Chauvin v. State Farm Fire & Casualty Co., 495 F.3d 232, 237 (5th Cir. 2007).

## B. Validity of the Assignments

Plaintiffs' claims are based on Citi's alleged lack of authority to assign Argent's interest in the deed of trust to American. "[T]he law is settled in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor. . ." Reinagel v. Deutsche Bank National Trust Company, 735 F.3d 220, 224 (5th Cir. 2013) (internal quotations omitted). However, "Texas courts follow the majority rule that the obligor may defend on any ground which renders the assignment void." Id. Under Texas law "a contract executed on behalf of a corporation by a person fraudulently purporting to be

-4-

a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal." Id. at 226.

Plaintiffs argue that Citi lacked authority to execute the original assignment to American on Argent's behalf. Plaintiffs state that "Citi has shown no relationship with Argent Mortgage Company, LLC in 2009" and therefore Citi was not authorized to assign Argent's interest in the deed of trust to American.[10] Plaintiffs claim that Citi's alleged lack of authority renders the assignment void (and Deutsche Bank's current interest in the deed of trust invalid). However, Plaintiffs have provided the court with no evidence that Citi lacked authority from Argent to execute the assignment to American. Moreover, even if Citi lacked authority from Argent, the assignment would not be void ab initio, but merely voidable by Argent. Therefore, Citi's lack of authority, even if accepted as true, does not furnish Plaintiffs with a basis to challenge the assignment of the deed of trust to Deutsche Bank.

C. **Breach of the Implied Covenant of Good Faith and Fair Dealing**

Citi, Ocwen, and PDS argue that Plaintiffs have failed to state a claim for breach of the implied covenant of good faith and fair dealing as a matter of law. Texas law is clear that a duty of

---

[10]See Complaint, Exhibit D-2 to Notice of Removal, Docket Entry No. 1-6, p. 8.

good faith and fair dealing "is not imposed in every contract but only in special relationships marked by shared trust or an imbalance in bargaining power." Federal Deposit Insurance Corporation v. Coleman, 795 S.W.2d 706, 708-09 (Tex. 1990). Texas does not recognize a covenant of good faith and fair dealing between "a mortgagor and [a] mortgagee" or between a "creditor and guarantor." Id. at 709; see also Tremble v. Wells Fargo Home Mortgage, Inc., 478 F. App'x 164, 167 (5th Cir. 2012) ("Texas has rejected the argument that a bank's prior permissive relationship with a mortgagor creates any duty to provide notice beyond that required by statute."). While Texas has adopted the UCC, which imposes an implied duty of good faith and fair dealing, the UCC does not apply to real property liens like deeds of trust. See Tex. Bus. & Comm. Code § 9.109(d)(11) (excluding from the scope of UCC Chapter 9 "the creation or transfer of an interest in or lien on real property").

To state a claim for breach of an implied duty of good faith and fair dealing, Plaintiffs must point to facts showing such an implied duty exists. The UCC's implied duty of good faith and fair dealing does not apply because the UCC is not applicable to real property liens. There is also no baseline duty of good faith and fair dealing between mortgagors and mortgagees under Texas law. Therefore, to assert a claim for breach of a duty of good faith and fair dealing, Plaintiffs must plead enough facts to show that a

"special relationship" existed between Plaintiffs and Citi, Ocwen, and PDS. Plaintiffs do not assert any additional facts tending to show that they had a special relationship with Citi, Ocwen, or PDS. Plaintiffs' claim for breach of the implied duty of good faith and fair dealing therefore fails as a matter of law.

D. **Slander of Title**

Citi, Ocwen, and PDS argue that Plaintiffs have failed to state a claim for slander of title as a matter of law. "To recover in an action for slander of title, a party must allege and prove: 1) the utterings and publishing of disparaging words; 2) that they were false; 3) that they were malicious; 4) that special damages were sustained thereby; 5) that the plaintiff possessed an estate or interest in the property disparaged; and 6) the loss of a specific sale." Williams v. Jennings, 755 S.W.2d 874, 879 (Tex. App. -- Houston [14th Dist.] 1988, writ denied). Texas courts have continually reaffirmed "the long-standing general rule . . . that in order to recover damages for [slander] of title, the plaintiff must allege the loss of a specific sale." Ellis v. Waldrop, 656 S.W.2d 902, 904-05 (Tex. 1983).

Plaintiffs base their slander of title claim on the argument that Citi lacked authority to assign Argent's interest in the deed of trust. In their Complaint, Plaintiffs contend that "Defendants have collectively slandered Plaintiffs title by filing multiple 'Assignments of Deed of Trust' and have misled the court with their

slanderous filings."[11] As explained above, Plaintiffs have failed to show that Citi lacked authority to assign its interest in the deed of trust. Even if Plaintiffs could show that Citi lacked authority, Plaintiffs still lack a legal basis to challenge the assignment. Plaintiffs have also failed to plead facts showing they sustained special damages or that they lost a specific sale of the Property. Plaintiffs' slander of title claim against Defendants therefore fails as a matter of law.

E.  **Wrongful Foreclosure**

Ocwen and PDS argue that Plaintiffs have failed to state a legally cognizable wrongful foreclosure claim. "The purpose of a wrongful foreclosure action is to protect mortgagors against those sales where, through mistake, fraud, or unfairness, the sale results in an inequitably low price." <u>Vallier v. Nationstar Mortgage, LLC</u>, 2018 WL 1319166, at *4 (S.D. Tex. February 1, 2018) (quoting <u>In re Keener</u>, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001)) (internal quotations omitted). "In Texas, to prevail on a claim of wrongful foreclosure a plaintiff must prove: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a casual connection between the defect and the grossly inadequate selling price." <u>Id.</u> at *4 (citing <u>Sauceda v. GMAC Mortgage Corp.</u>, 268 S.W.3d 135, 139 (Tex. App. --

---

[11]<u>See</u> Complaint, Exhibit D-2 to Notice of Removal, Docket Entry No. 1-6, p. 8 ¶ 28.

Corpus Christi 2008, no pet.) (internal quotations omitted). Loss of possession is required to state a claim for wrongful foreclosure. See Peterson v. Black, 980 S.W.2d 818, 823 (Tex. App. -- San Antonio 1998, no pet.) ("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property.").

Plaintiffs do not dispute that a foreclosure sale has not yet occurred.[12] Plaintiffs therefore cannot (and do not) contend that the Property was sold for an inadequate selling price. Because there has been no foreclosure sale, Plaintiffs' wrongful foreclosure claim fails as a matter of law.

## F. Negligence

Ocwen and PDS argue that Plaintiffs have failed to state a claim against Ocwen for negligence. "Tort obligations are those imposed by law when a person breaches a duty which is independent from promises made between the parties to a contract . . ." Farah v. Mafrige & Kormanik, P.C., 927 S.W.2d 663, 674 (Tex. App. -- Houston [1st Dist.] 1996, no writ). When the loss or damage suffered by the plaintiff is the subject matter of a contract, the plaintiff's action typically sounds in contract rather than tort.

---

[12]See Proposed Order on Plaintiff's Emergency Motion and Ex Parte Application for Temporary Restraining Order and Temporary Injunction [signed on October 29, 2018], Exhibit D-11 to Notice of Removal, Docket Entry No. 1-15, pp. 2-3.

See id. The elements of a cause of action for negligence under Texas law are: (1) the existence of a duty; (2) a breach of that duty; and (3) damages proximately caused by the breach. Western Investments, Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005). "To impose a tort duty upon parties to a contract, the court must first find that a special relationship exists between them." Farah, 927 S.W.2d at 675 (citing Aranda v. Insurance Company of North America, 748 S.W.2d 210, 212 (Tex. 1988)). "The relationship between a borrower and lender is usually neither a fiduciary relationship nor a special relationship." Id.

Plaintiffs claim that Ocwen failed to deduct a payment from Plaintiffs' account during a trial period of Ocwen's Mortgage Assistance Program.[13] Plaintiffs argue that Ocwen's failure to deduct the payment constitutes negligence on Ocwen's part that entitles Plaintiffs to recover.[14] Plaintiffs fail to show that any duty existed on Ocwen's part outside of the contract obligations imposed by the deed of trust. There is no evidence that a special relationship existed between Plaintiffs and Ocwen. Because Ocwen had no duty to Plaintiffs outside of the obligations imposed by the deed of trust, Plaintiffs' negligence claim fails as a matter of law.

---

[13] See Complaint, Exhibit D-2 to Notice of Removal, Docket Entry No. 1-6, p. 9 ¶ 35.

[14] See id. ¶¶ 35-36 ("OCWEN states [that] it is the Plaintiffs who did not fulfill their obligation during the Trial Period of their Mortgage Assistance Program, however, it is OCWEN's negligence that has forced Plaintiffs into foreclosure.").

### III. Improper Joinder of AVT

In their Notice of Removal Defendants argue that AVT was improperly joined to this action.[15] To establish an improper joinder a party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Central Railroad Company, 385 F.3d 568, 573 (5th Cir. 2004). In applying the second test courts in the Fifth Circuit "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against" the allegedly improperly joined defendant. Id.

Plaintiffs' Complaint asserts claims against all of the named defendants generally, but fails to make any specific allegations against AVT. Plaintiffs also fail to plead or assert facts that would give rise to a cause of action against AVT. AVT was therefore improperly joined to this action by Plaintiffs. Plaintiffs' claims against AVT will be dismissed.

### IV. Conclusion

For the reasons explained above, Plaintiffs have failed to state a claim for wrongful foreclosure, breach of the implied duty of good faith and fair dealing, slander of title, or negligence

---

[15]See Notice of Removal, Docket Entry No. 1, pp. 5-7.

against Citi, Ocwen, or PDS as a matter of law.[16] Accordingly, Defendant Citi Residential Lending, Inc.'s Motion to Dismiss (Docket Entry No. 5) and Defendants Ocwen Loan Servicing, LLC and Power Default Services, Inc.'s Motion to Dismiss (Docket Entry No. 6) are **GRANTED**. Plaintiffs' claims against Citi, Ocwen, and PDS will be dismissed with prejudice.

Plaintiffs have failed to plead legally cognizable claims for relief against AVT. AVT was therefore improperly joined to this action. Plaintiffs' claims against AVT will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 31st day of January, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[16]Because each of Plaintiffs' underlying claims warrant dismissal under Rule 12(b)(6), Plaintiffs' claims for injunctive and declaratory relief are moot.